IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-ct-3186-D

| | |
|---|---|
| **Clyde Lee Poole,** | ) |
| Plaintiff, | ) |
| v. | ) **Memorandum and Recommendation** |
| **Butch Jackson,** et al. | ) |
| Defendants. | ) |

On July 21, 2014, petitioner Clyde Lee Poole, Jr. ("Poole"), a state inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. DE 1.[1] On February 4, 2015, this court conducted frivolity review pursuant to 28 U.S.C. § 1915A and dismissed the complaint. D.E. 8. On February 5, 2015, Poole filed a motion for voluntary dismissal of the action and a request for the court to "notify the Wake Correctional Accountant to stop garnishing [his] account." D.E. 10. The motion was referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Poole's motion for a voluntary dismissal be dismissed as moot, and that his motion for a refund of filing fees be denied.

The court first addresses Poole's motion for a voluntary dismissal of his action. A petitioner "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In all other instances "an action may be dismissed at [a] plaintiff's request only

---

[1] On August 5, 2014, Poole filed a corrected complaint [D.E. 3] in response to a notice of deficiency [D.E. 2] as to Poole's first complaint [D.E. 1].

by court order." Fed. R. Civ. P. 41(a)(2). Because Poole's action has been dismissed as frivolous under 28 U.S.C. § 1915A, his motion for a voluntary dismissal should be dismissed as moot.

The court turns to Poole's request for a refund to his inmate prison account of amounts paid toward his filing fee. The Prisoner Litigation Reform Act ("PLRA") provides that "prisoner[s] shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b); *see Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010) ("Congress [has] required that indigent prisoners filing lawsuits be held responsible for the full amount of filing fees."). Moreover, in the Fourth Circuit prisons may not deduct more than 20% of a prisoner's monthly income to pay filing fees, and may not withdraw any money when an inmate's trust account falls below $10. *Torres*, 612 F.3d at 242 & n. 2; *see also Biggs v. Hunt*, No. 5:11-ct-3216-D, 2012 WL 3613073 (E.D.N.C. Aug. 21, 2012).

A review of the docket indicates that on December 5, 2014, prior to the dismissal of his case, Poole made a payment of $35 toward his filing fee. *See* Clerk's Docket Entry (Dec. 5, 2014). Subsequently, on March 6, 2015, $68.90 was paid to the clerk, *see* Clerk's Docket Entry (Mar. 6, 2015) and payments of $9.83 and $7.64 were paid to the clerk in April and May 2015, respectively. *See* Clerk's Docket Entries (Apr. 4, 2015 & May 4, 2015). Poole does not allege that more than 20% of his monthly income has been deducted for his filing fee, or that his trust account has fallen below ten dollars.

Because Poole's Complaint was dismissed as frivolous, the court is not required to refund any portion of the filing fee paid by Poole. *See Kozoman v. Smith,* No. 5:07-ct-3019-D, 2007 WL 3353293, at * 3 (E.D.N.C. Nov. 7, 2007). The fact that the court dismissed Poole's Complaint on initial review "has no impact on [his] requirement to pay the [c]ourt's fee." *See*

*Poston v. Shappert,* No. 5:06-cv-142-MU, 2007 WL 959520, at * 1 (W.D.N.C. Mar. 28, 2007) (citing 28 U.S.C. § 1915(e)(2)). Accordingly, it is recommended that Poole's motion for refund of the filing fee be denied.

In sum, it is recommended that Poole's motion for a voluntary dismissal [D.E. 10] be denied as moot and that Poole's motion for refund of his filing fee, *id,*. be denied.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the**

**Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: July 2, 2015.

    _____
    ROBERT T. NUMBERS, II
    United States Magistrate Judge